UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CREOLE COTTAGE CONDOMINIUMS                           CIVIL ACTION
ASSOCIATION ET AL

versus                                                NO. 06-7892

STATE FARM FIRE AND CASUALTY                          SECTION: E/4

**O R D E R**

Plaintiffs filed a motion to remand this case to the Civil District Court for the Parish of Orleans. Record document #5. Defendant State Farm opposes the motion.

**BACKGROUND**

The plaintiffs are a condominium association and the individual owners of each condominium unit.  They allege state law claims against State Farm regarding its actions, or lack of actions, in responding to their claims for roof damages incurred as a result Hurricane Katrina.  State Farm removed claiming federal diversity jurisdiction as well as jurisdiction pursuant to the MMTJA and supplemental federal jurisdiction.

**ANALYSIS**

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th

Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723. When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues. Erie R.R. Co. v. Tompkins, 304 U.E. 64, 78 (1938).

State Farm is identified in the Petition as being domiciled in the State of Illinois. Petition, ¶12. It argues that the "non-diverse" plaintiff, Elizabeth Whitlock, identified at ¶11 of the Petition as "domiciled in Illinois and a resident of Orleans Parish", is improperly joined to defeat federal subject matter jurisdiction. The Court need not reach the issue of improper joinder because State Farm has not met its heavy burden of showing that the jurisdictional amount has been met.

The party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction. St. Paul Reinsurance Company, Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998), citing Gaitor v. Penninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir. 1961). The jurisdictional

amount for federal jurisdiction in a diversity case is $75,000.00.  29 U.S.C. § 1332.  It has long been recognized that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Reinsurance at id., citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 2d. 845 (1938).  However, "when a complaint does not allege a specific amount in damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."  St. Paul Reinsurance at 1253, citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)(The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount).  The defendant may show that the jurisdictional amount is met in two ways: first, show that it is "facially apparent" on the complaint that the claim exceeds the jurisdictional amount; second, produce "summary judgment-type" evidence that supports the allegation that the requisite amount in controversy is met. St. Paul Reinsurance at id., citing Allen, 63 F.3d at 1335-36; Allen v. DISA, Inc., 2006 WL 643444, *1 (E.D.La. 3/8/06)(Africk, J.); Whitfield v. State Farm Mutual Automobile Ins. Co., 2006 WL 1235921, *1 (E.D.La. 5/5/06)(Berrigan, J.).

    Under Louisiana law, a petition may not make a demand for a specific monetary amount.  La. C.C.P. art. 893(A)(1).  There is

no minimum jurisdictional amount for a claim in state district court, however, the jurisdictional amount for a jury trial is $50,000.00 (La. C.C.P. art. 1732(1)).  Plaintiffs made no jury demand.  State Farm argues that the requisite jurisdictional minimum is met because the limits of the condominium insurance policy at issue total "approximately $870,000.00, and in addition the plaintiffs have asserted claims for statutory damages, penalties and fees."  Regarding the amount of damages claimed, the Petition states only that the "insured loss is estimated to be in the tens of thousands of dollars, though the exact amount of the recoverable losses have yet to be determined."  ¶28.  That amount, including statutory damages, penalties and fees, could easily be less that $75,000.00.

It is not evident on the face of the complaint that the jurisdictional amount is met, and State Farm has offered no evidence, other than its statement regarding the total amount of the insurance policy limits, to show by a preponderance of the evidence that it actually is met.

State Farm also alleges that the federal court has jurisdiction pursuant to the MMTJA[1], 28 U.S.C. § 1369.  This

---

[1] The MMTJA provides for original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location".  28 U.S.C. 1369(a).  The companion removal statute provides for the removal of a civil action by a defendant in a state court action if:
   the defendant is a party to an action which is or

Court agrees with the several sections in the Eastern District that Hurricane Katrina is not an "accident" within the meaning of the terms of Section 1369, and the MMTJA is not applicable to this case.  See Fidelity Homestead Association *5 (Berrigan, J.); Flint v. Louisiana Farm Bureau Ins. Co., 2006 WL 2375593, *3 (E.D.La. 2006)(Duval, J.); Southern Athletic Club, LLC, *6 (Lemmon, J.); Berry v. Allstate Ins. Co., 2006 WL 2710588, *3 (E.D.La. 2006)(Zainey, J.); Carroll v. Lafayette Ins. Co., 2006 WL 2663031, *3 (Lemelle, J.); Southall v. St. Paul Travelers Ins. Co., 2006 WL 2835365, *5 (E.D.La. 2006)(Barbier, J.).

Accordingly,

**IT IS ORDERED** that Creole Cottage Condominiums Association's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-7892, is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, December 28, 2006.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge

---

could have been brought in whole or in part under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.
28 U.S.C. 1441(e)(1)(B).